IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **DWIGHT NELSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **INTERNAL REVENUE SERVICE** | : | **NO. 10-184** |
| | : | |

**GOLDBERG, J.**                                                                                                                   January 5 , 2011

### MEMORANDUM OPINION

Petitioner, Dwight Nelson, proceeding pro se, seeks to quash an administrative summons served by the Internal Revenue Service ("IRS") upon TD Bank. This summons seeks information and records pertaining to "Dwight's Southern Barbque, Inc." (Doc. No. 1.) Respondent, the United States of America, on behalf of the IRS, moves to dismiss the petition.

Because Petitioner does not have standing to request that the summons be quashed, we will grant Respondent's motion.

**I.    FACTUAL AND PROCEDURAL HISTORY**

On September 14, 2010, the IRS issued an administrative summons upon the Legal Services Department of TD Bank in Cherry Hill, New Jersey. The summons requested account information and records for "Dwight's Southern Barbque, Inc.," for the period of January 31, 2007 through December 31, 2007. See (Doc. No. 1.) On September 28, 2010, Petitioner filed a "Petition to Quash" the summons, and on November 18, 2010, he filed a supplemental petition.

Petitioner alleges that he has been constantly pursued and accused by "Audit Advocates of

the I.R.S." and that he was compelled to file his petition "out of a position of Duress." He contends that the requests of the IRS are unduly burdensome and asks that we quash the administrative summons served upon TD Bank and order the IRS to "cease all actions of Duress."

On December 6, 2010, Respondent filed a motion to dismiss the petition. Petitioner has not filed a response in opposition to Respondent's motion under consideration.

## II. APPLICABLE LAW

The IRS is authorized to issue administrative summons for the purposes of ascertaining the correctness of a return, determining the liability of any person for an internal revenue tax or for collecting such liability. See 26 U.S.C. § 7602(a). The IRS may serve a summons upon a third-party record keeper, such as a bank or other financial institution, to obtain records or information regarding a person or corporation that is subject to a tax investigation. See 26 U.S.C. § 7609(a). The taxpayer, or other person identified in the summons, may intervene and "begin a proceeding to quash" a third-party summons. See Gaunt v. Internal Revenue Servs., 1996 WL 376341 *1 (M.D.Pa. May 1, 1996) (citing 26 U.S.C. § 7609(b)). In response, the government may move to dismiss the petition. Such a motion "mirrors a 12(b)(6) motion to dismiss for failure to state a claim." Johnson v. United States, 2005 WL 3277999 at *1 (W.D.Pa. Dec. 2, 2005) (quoting Cosme v. Internal Revenue Servs., 708 F.Supp. 45, 48 (E.D.N.Y. 1989)).

We will, therefore, evaluate Respondent's motion to dismiss pursuant to the standards set forth in Federal Rule of Civil Procedure 12(b)(6).

## III. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937,

1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. The court may only look to the facts alleged in the complaint and its attachments when deciding a motion to dismiss. Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

## IV. DISCUSSION

Respondent seeks dismissal of Nelson's petition to quash, asserting that: (1) this Court lacks subject matter jurisdiction to rule upon the petition; (2) Petitioner lacks standing to intervene and quash the summons at issue and may not represent the corporate taxpayer; and (3) Petitioner has failed to state a claim upon which relief can be granted. We conclude that Petitioner does not have standing to quash the summons.[1]

Under 26 U.S.C. § 7609(b), any person "who is entitled to notice of a summons . . . [pursuant

---

[1] Under 26 U.S.C. § 7609(h)(1), the "United States district court for the district within which the person to be summoned resides or is found" has subject matter jurisdiction to hear a petition to quash an IRS summons. See Pilchesky v. United States, 2008 WL 4452672 at *2 (M.D.Pa. Sep. 28, 2008). Respondent argues that we are without jurisdiction because the summoned third-party, TD Bank of Cherry Hill, N.J., "resides or is found" outside of the Eastern District of Pennsylvania.

Neither the statute, the United States Supreme Court, or Third Circuit has defined the phrase "resides or is found." Further, there appears to be disagreement among the federal courts that have considered this issue. While some courts ask solely whether the address from which the records are summoned is within the judicial district, other courts inquire whether the entity has a branch office or other physical presence within the district. Compare Masat v. United States, 745 F.2d 985, 988 (5th Cir. 1984) (reflecting residence of third-party record keeper is appropriate basis to determine court's jurisdiction, although not reaching "branch office" argument because it was not properly before it); Deal v. United States, 759 F.2d 442 (5th Cir. 1985); Kondik v. United States, 922 F.Supp. 54, 55 (N.D.Ohio 1995) with Gangi v. U.S., 2010 WL 3359483 at *1 (D.N.J. Aug. 25, 2010) ("A physical presence, including a branch office of a summoned party, is sufficient for that party to be considered 'found' within this district."); Hopkins v. Internal Revenue Servs., 2008 WL 2079151 at *3 (D.N.M. Mar. 28, 2008); Pilchesky, 2008 WL 4452672 at *2; Oldham v. United States, 2002 WL 850205 at **1-2 (D.Or. Mar. 21, 2002). We are not required to reach this issue, however, given our conclusion that Petitioner does not have standing to petition this Court.

3

to § 7609(a)] shall have the right to begin a proceeding to quash said summons[.]" Section 7609(a) provides that a person is entitled to notice if a summons is served on a third-party record keeper, and "the summons requires the production of any portion of records made or kept on or relating to . . . any person (other than the person summoned) who is identified in the summons[.]" Thus, only individuals identified in the description of the records requested in a third-party summons have standing to intervene and quash the summons. See Muratore v. Dep't of Treasury, 315 F.Supp.2d 305, 306 (W.D.N.Y. 2004); Kinney v. United States, 1995 WL 813170 at *4 (M.D.Fla. Feb. 1, 1995).

Petitioner was not identified in the summons issued upon TD Bank. (Doc. No. 1.) The subject of the summons is "Dwight's Southern Barbque, Inc." – an entity that is separate and distinct from the Petitioner. Even assuming Petitioner is the sole officer or president of the corporation,[2] he does not have standing to individually quash the summons at issue. See Johnston v. United States, 1990 WL 86365 (D.Mass. Apr. 4, 1990) ("The face of the summons makes perfectly clear that it is the corporation and not Johnston individually that is being investigated. Johnston may believe that he is the ultimate target of the IRS's administrative curiosity; nonetheless that does not detract from the fact that Johnston is not named on the summons to the third-party record-keeper, and therefore has no standing to bring a motion to quash."); Universal Life Church, Inc. v. United States, 582 F.Supp. 79 (N.D.Cal. 1984).

In addition, Petitioner may not seek relief from the Court on behalf of "Dwight's Southern Barbque, Inc." It is well settled that a corporation must be represented by an attorney. See Simbraw,

---

[2] We are unable to determine from Petitioner's submission what role or position he holds within "Dwight's Southern Barbque, Inc."

Inc. v. United States, 367 F.2d 373, 373-74 (3d Cir. 1966) (holding that a corporation may not be represented by its president and that an attorney must represent it in litigation); Pennsylvania Business Bank v. Biz Bank Corp., 330 F.Supp.2d 511, 513 (E.D.Pa. 2004) (holding that a corporation may not appear pro se and may not be represented by anyone other than licensed counsel); Mazzoni v. United States, 2006 WL 1564020 at *1 (E.D.Pa. Apr. 17, 2006) (same). Petitioner, therefore, does not have standing to individually move to quash the IRS's summons and may not represent the interests of "Dwight's Southern Barbque, Inc.," in this matter.

## V.  CONCLUSION

For the foregoing reasons, Respondent's motion is granted. Our Order Follows.